UNITED STATES of America, Plaintiff–Appellee,

v.

Silas William HOLT, Defendant–Appellant.

Nos. 03–5119, 03–5120.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, John Patrick Grant, Asst. U.S., Attorney, Lexington, KY, Roger West, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Plaintiff–Appellee.

Willis G. Coffey, Mt. Vernon, KY, for Defendant–Appellant.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

Silas William Holt, represented by counsel, appeals from his judgments of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 2002, Holt pleaded guilty to five counts of conspiring to distribute marijuana and marijuana distribution in violation of 21 U.S.C. §§ 846 and 841(a)(1). Further, pursuant to a written plea agreement, Holt pleaded guilty to possessing firearms as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). The district court sentenced him to concurrent 30–month terms of imprisonment.

Holt has filed timely notices of appeal, arguing that the district court erred when it enhanced his offense level for possessing weapons and ammunition in connection with another felony offense, pursuant to USSG § 2K2.1(b)(5).

Upon review, we conclude that the district court properly enhanced Holt's offense level. This court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001). Sentencing Guideline § 2K2.1(b)(5) provides that a defendant's base offense level should be enhanced by 4 levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." In interpreting the "in connection with" clause of § 2K2.1(b)(5), this court has adopted a "fortress theory" which concludes that a sufficient connection is established "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Id.* (citing *United States v. Henry,* 878 F.2d 937, 944 (6th Cir.1989)); *see also United States v. Covert,* 117 F.3d 940, 948–49 (6th Cir.1997) (holding that the fortress theory still applies to § 2K2.1). The government has the burden of showing by a preponderance of the evidence that there was a nexus between the firearms and the other felony offense. *Ennenga,* 263 F.3d at 503.

The government has met its burden in this case. A review of the record reflects that the police executed a search warrant at Holt's residence. During the search, the police found 2.69 kilograms of marijuana, an unloaded .22–caliber rifle, and a loaded .38–caliber pistol in Holt's bedroom closet. The police also confiscated various items which they suspected contained marijuana residue, including a triple beam scale, $3,147 in cash, marijuana seeds, rolling paper, and suspected marijuana stalks. Holt was present during the search, and the police discovered $1,350 and five rounds of .38–caliber ammunition in one of his pockets. The police also discovered an

unloaded shotgun in the living room. Moreover, Holt acknowledged that he was "responsible" for the weapons.

This evidence establishes a sufficient connection between the firearms, ammunition, and the marijuana distribution offense. Holt stored the weapons and the marijuana in the same location, which supports the district court's conclusion that he intended to use the weapons to protect the marijuana operation or to facilitate drug transactions. Although Holt maintains that he did not have access to the .38-caliber weapon locked in the file cabinet, the police discovered that he possessed five live rounds of ammunition for the weapon. In addition, he clearly had access to the other weapons because they were not locked away. Contrary to Holt's argument, the government was not required to produce evidence that he actively used the firearms to prove that he possessed the firearms and ammunition "in connection with" the marijuana offense. *See United States v. Hardin,* 248 F.3d 489, 492 (6th Cir.2001). Finally, the district court's conclusion that a connection existed is supported by Holt's failure to provide any other reason for having the firearms. *Ennenga,* 263 F.3d at 504.

Accordingly, we affirm the judgments of conviction and sentence.